**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 24090982]
ak@kazlg.com
245 Fischer Ave, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ahren A. Tiller [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Phone (619) 894-8831
Fax (866) 444-7026
ahren.tiller@blc-sd.com
*Pro Hac Vice Pending*

### IN THE UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, on behalf of herself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOTTA DOUGH, LLC d/b/a HOBOKEN PIE,<br><br>Defendant, | Case No.: 1:24-cv-482<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *ET. SEQ.*)<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1. MONICA ABBOUD ("Plaintiff") brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LOTTA DOUGH, LLC d/b/a HOBOKEN PIE ("Defendant") and its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent unsolicited text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

4. Additionally, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1). The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

5. According to findings of the FCC, the agency vested by Congress with authority to issue

regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

6. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

7. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 951 – 52 (9th Cir. 2009).

8. Defendant is vicariously liable for the actions of any third party they may have hired to market their services.  See *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

9. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

10. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This Court additionally has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because that claim arises from the same nucleus of operative fact, i.e., Defendant's telemarketing text messages to Plaintiff add little complexity to the case.

12. Venue is proper in the United States District Court for the Western District of Texas pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this district, the events giving rise to Plaintiff's causes of action against Defendant occurred within this district and Defendant conducts business in the County of Travis, TX.

## PARTIES

13. Plaintiff is, and at all times relevant hereto was, an individual citizen and resident of the County of Travis, State of Texas.

14. Defendant is, and all times relevant hereto was, a Limited Liability Corporation whose principal place of business is located in Austin, TX, and at all times relevant hereto was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

15. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

16. Plaintiff has been on the national Do-Not-Call-Registry since at least February 27, 2020.

17. Plaintiff never requested the National Do-Not-Call Registry administrator to remove her from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

18. On information and belief, Defendant uses an anonymous telemarketing company to make phone calls on its behalf soliciting customers for its restaurant business.

19. On October 5, 2023, Defendant sent to Plaintiff an unsolicited text message stating:

> Text Message
> Thu, Oct 5 at 4:06 PM
>
> Hey, it's Hoboken Pie: Join our text club!
>
> Reply Y for 25% OFF your next order & ongoing offers!
>
> 4 msg/mo. Consent not req'd to buy

20. On November 24, 2023, Defendant sent to Plaintiff a second unsolicited text message stating:

> Today 12:16 PM
>
> Hey, it's Hoboken Pie: Join our text club!
>
> Reply Y for 25% OFF your next order & ongoing offers!
>
> 4 msg/mo. Consent not req'd to buy
>
> The sender is not in your contact list.
> Report Junk

21. Plaintiff did not consent to, request, or seek to be contacted by Defendant regarding marketing for Defendant's restaurant.

22. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

23. Defendant's text messages forced Plaintiff and others similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted text messages, causing a nuisance and lost time.

24. The telephone numbers Defendant sent unsolicited text messages to were assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

25. The text messages sent by Defendant to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Prior to filing suit, Plaintiff sent a letter to Defendant requesting any information regarding the authority Defendant alleged for sending the unsolicited text messages described herein. In response, Defendant did not provide any do-not-call list or registry verification information.

27. Defendant did not offer Plaintiff any informative information in the unsolicited text messages made each and every text message with the explicit purpose of soliciting Plaintiff for marketing Defendant's restaurant.

## CLASS ACTION ALLEGATIONS

28. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

29. Plaintiff brings this action on behalf of herself and on behalf of and Class Members of the

proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

30. Plaintiff proposes to represent the following Class consisting of and defined as follows:

    All persons within the United States who were on the National Do-Not-Call registry who received any unsolicited text messages from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, within the four years prior to the date of the filing of this Complaint.

31. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

32. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited marketing text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiff and the Class members were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

35. The Class can be identified through Defendant's records or Defendant's agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendant or its agent(s) placed any unsolicited marketing text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to any telephone number assigned to a cellular telephone service;

    b. Whether the unsolicited text messages required prior express written consent;

    c. Whether Defendant sent the unsolicited text messages to the Class despite the Class Members being on the National Do-Not-Call registry;

    d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

37. As a person that received at least one unsolicited marketing text message to her cellular phone without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to

seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et. seq.*).

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against the Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## I.

## FIRST CAUSE OF ACTION

## NEGIGENT AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

*(47 U.S.C. § 227 ET SEQ)*

42. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

43. Defendant's repeated text messages to Plaintiff's cellular phones without any prior express consent—and even after Plaintiff revoked any consent that may have existed—constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44. As a result of Defendant's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff and the class members are entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff and the class members are entitled to an award of $1,500 in statutory damages for every one of Defendant's knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

a. $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227 *et. seq.*; and $1,500.00 in statutory damages for each and every one of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et. seq.;*

b. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

c. Costs of suit and Attorneys' fees, pursuant to, inter alia, the common fund doctrine.

d. Any other relief the Court may deem just and proper.

Dated: May 3, 2024,                    Respectfully Submitted,

                                       by:  */s/ Abbas Kazerounian*
                                            Abbas Kazerounian
                                            Kazerouni Law Group, APC
                                            Attorney(s) for Plaintiff and all those
                                            similarly situated.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 3, 2024,	by:	*/s/ Abbas Kazerounian*
Abbas Kazerounian
Kazerouni Law Group, APC
Attorney(s) for Plaintiff and all those similarly situated.