FILED
December 02, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONICA ABBOUD, on behalf of herself and all those similarly situated, Plaintiffs, § § § § § | |
| v. § § | Civil Action No. 1:24-cv-00482-JRN |
| LOTTA DOUG, LLC, d/b/a HOBOKEN PIE, Defendant. § § § § | |

# DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

Defendant, Lotta Dough, LLC d/b/a Hoboken Pie ("*Defendant*" or "*Hoboken Pie*") files this supplemental motion to dismiss the class action complaint filed by Plaintiff, Monica Abboud ("*Plaintiff*") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A.     Incorporation by Reference.**

1.      Defendant incorporates herein by reference its Motion to Dismiss filed on July 3, 2024 (DKT 7).

**B.     The TCPA—unlike the Equal Employment Opportunities Act, for example—does not define "person" to include "any *agent* of such a person" so as to invoke vicarious liability.**

2.      Plaintiff argues that Defendant is vicariously liable for an "anonymous telemarketing company['s]" alleged Telephone Consumer Protection Act ("*TCPA*") violations. *See* Complaint at ¶ 18 (alleging "[o]n information and belief, Defendant uses an anonymous telemarketing company to make phone calls on its behalf soliciting customers

1

for its restaurant business"); *see In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (2008) (the "*2008 FCC Order*").

3.  Plaintiff's argument is premised <u>not</u> on the plain language of the TCPA nor an interpretation of the TCPA by a United States District Court, Circuit Court of Appeals, or the Supreme Court of the United States, but instead on an interpretation of the TCPA by the Federal Communications Commission ("*FCC*") under the aegis of *Chevron* deference.

4.  On June 28, 2024, the Supreme Court of the United States, declared *Chevron* deference dead. *See Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244, 2024 WL 3208360 at *22 (2024) (overruling *Chevron* and stating, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires…[and] need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous").

5.  "Person" is not defined in 47 U.S.C. § 277. "Person" is defined or purposes of the Chapter as "an individual, partnership, association, joint-stock company, trust, or corporation." 47 U.S.C. § 153(39).

6.  The plain language of the TCPA states that "[i]t shall be unlawful for any *person* within the United States…to make any call…to initiate any telephone call…to use any telephon[ic] [device]…to use an automatic telephone dialing system" or "make[] more than one telephone call within any 12-month period by or on behalf of the same entity[1][.]" TCPA at §§ 227(b)(1)(A)-(G) (emphasis added) and § 227(b)(5).

---

[1] The phrase "by or on behalf of the same entity" refers to the entity that made the initial telephone call under § 227(b)(5); to conclude otherwise renders the phrase superfluous at best and ambiguous at worst. "[C]ourts

7.  Compare the relevant definitions under the Equal Employment Opportunities Act ("EEOA") as but one of several examples in the United States Code where Congress <u>intended</u> to impose *vicarious liability*: "employer" means…"any *agent* of such a person", "employment agency" means "any person…and includes an *agent* of such person", and "labor organization" which means "any *agent* of such an organization[.]" 42 U.S.C. § 2000e(b)-(d) (emphasis of "agent" added).

8.  Plaintiff's reliance on *Chevron* to impose vicarious liability *vìz-a-vìz* an interpretation of the TCPA by the 2008 FCC Order is not binding on this Court. To be sure, in *Loper Bright*, the Supreme Court admonished that "[t]he interpretation of the meaning of a statute, as applied to justiciable controversies" [is] "exclusively a judicial function." *Loper Bright*, 144 S.Ct. 2244, 2024 WL 3208360 at *9 (internal quotations omitted). Section 707 of the Administrative Procedures Act ("*APA*") "makes clear that agency interpretations of statutes—like agency interpretations of the Constitution—are *not* entitled to deference." *Id*.

9.  Defendant's liability, according to the facts alleged in Plaintiff's Complaint, rests entirely on the principle of vicarious liability *read into* the TCPA by the FCC. The plain language of the TCPA prohibits this as does deploying *Chevron* deference to impose vicarious liability. This Court must interpret the TCPA—with respect to Plaintiff's vicarious liability theory—by applying traditional rules of statutory interpretation. Doing so here compels only 1 result: dismissal of Plaintiff's TCPA causes of action against Defendant.

---

need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Loper Bright*, 144 S.Ct. 2244, 2024 WL 3208360 at *22.

Congress is presumed to have acted intentionally and purposefully when it included vicarious liability in the EEOA and omitted it in the TCPA.

10. **FOR THESE REASONS**—in addition to those set forth in Defendant's Motion to Dismiss—Defendant prays the Court dismiss Plaintiff's Complaint in its entirety.

    Respectfully submitted,

    Bradley B. Clark Law Group, P.C.

    <u>/s/ Bradley B. Clark</u>
    Bradley B. Clark
    State Bar No. 24040697
    P.O. Box 143743
    Austin, Texas 78714
    Email: bradley@bradleybclark.com
    Telephone: (512) 298-1735
    Telecopier: (512) 298-1745

    ***Attorney for Defendant,***
    ***Lotta Dough, LLC d/b/a Hoboken Pie***

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the above and foregoing instrument to be served on the following counsel of record on July 15, 2024:

Mr. Abbas Kazerounian
Kazerouni Law Group, APC
45 Fischer Ave., Ste. D1
Costa Mesa, CA 92626
ak@kazlg.com

Mr. Ahren Tiller
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
ahren.tiller@blc-sd.com

                                                  /s/ Bradley B. Clark
                                                  Bradley B. Clark