UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Monica Abboud, on behalf of herself and all those similarly situated,  *Plaintiff*, <br><br> v. <br><br> Lotta Dough, LLC, d/b/a Hoboken Pie, *Defendant*. | Case No. 1:24-CV-00482-JRN |

## CORRECTED ORDER

Before the Court is Hoboken Pie's supplemental motion to dismiss. Dkt. 19.[1] For the reasons set forth below, the Court denies this motion.

### I.  Background

Monica Abboud brings this class-action suit against Hoboken Pie for violating the Telephone Consumer Protection Act (TCPA). Dkt. 11, at ¶ 1. Abboud alleges that Hoboken Pie violated Section 227(c)(5) of the TCPA by sending her two unsolicited text messages despite her registration on the national do-not-call registry. *Id.* at ¶¶ 16, 19–20, 46. Abboud explains that Hoboken Pie uses an anonymous telemarketing company to send text messages on its behalf and that "[Hoboken Pie] is vicariously liable for the actions of any third party they may have hired to market their services." *Id.* at ¶¶ 8, 18. To support her vicarious-liability claim, Abboud cites a ruling from the Federal Communications Commission (FCC) that a seller may be held vicariously

---

[1] Hoboken Pie filed a separate motion to dismiss on the basis that Plaintiff lacks standing and that she accepted the terms of a binding arbitration agreement. Dkt. 12, at 5. The Court denied that motion in a previous order. Dkt. 20.

1

liable for violations of Section 227(c) that are committed by third-party telemarketers. *Id.* at ¶ 9 (quoting *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 (2013)).

Hoboken Pie seeks to dismiss Abboud's complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 19, at 1. Hoboken Pie argues that Abboud's vicarious-liability argument is premised "on an interpretation of the TCPA by the [FCC] under the aegis of *Chevron* deference." *Id.* at 2. Hoboken Pie notes that the Supreme Court recently overruled *Chevron* in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024); therefore, Hoboken Pie contends that "Plaintiff's reliance on *Chevron* to impose vicarious liability *vìz-a-vìz* an interpretation of the TCPA by the [FCC] is not binding on this Court." *Id.* at 3. Hoboken Pie urges this Court to interpret the TCPA by applying traditional rules of statutory interpretation, asserting that this will result in the dismissal of Abboud's complaint. *Id.* at 3–4.

## II.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 305–6 (5th Cir. 2015).

### III.   Analysis

The Court denies Hoboken Pie's motion to dismiss for two reasons.[2] First, the FCC's ruling may very well be entitled to deference, even after *Loper Bright*. In *Loper Bright*, the Supreme Court "[did] not call into question prior cases that relied on the *Chevron* framework." 603 U.S. at 412. "The holdings of those cases that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite our change in interpretive methodology." *Id.* This matters here because the Supreme Court has already crossed paths with the FCC's ruling. In *Campbell-Ewald Co. v. Gomez*, the Court recognized that "the [FCC] has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations." 577 U.S. 153, 168 (2016). The Court noted that the Ninth Circuit had deferred to the FCC's ruling and stated that "we have no cause to question it." *Id.* Thus, *Campbell* seems to fall within the category of cases that *Loper Bright* does not call into question.

Second, even if the FCC's ruling is not entitled to deference, an independent analysis reveals that the agency got it right. Section 227(c)(5) authorizes claims by "[a] person who has received more than one telephone call within any 12-month

---

[2] A brief note on mootness: Hoboken Pie requested leave to file this supplemental motion to dismiss, Dkt. 9, which the Court previously granted. Before the Court did so, however, Plaintiff filed an amended complaint. Dkt. 11. The Court recognizes that "[a] Plaintiff's filing of an amended complaint *may* render moot a pending motion to dismiss." *Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (emphasis added). But the Court declines to deny this motion as moot because Plaintiff's amended complaint relies on the same vicarious-liability theory as her original complaint. *Compare* Dkt. 1, at ¶¶ 8, 9, *with* Dkt. 11, at ¶¶ 8, 9; *see Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1476 (3d ed.)).

3

period by or *on behalf of* the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added).[3] This language "contemplates that a company can be held liable for calls made on its behalf, even if not placed by the company directly." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 659 (4th Cir. 2019). That reading is bolstered by the presumption that "when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). At least two other courts have interpreted Section 227(c)(5) in the wake of *Loper Bright*, and both found that it allows for vicarious liability. *See Tatum v. DBoss Funding, LLC*, No. 6:23-CV-565-JDK-KNM, 2024 WL 5098503, at *3 (E.D. Tex. Nov. 13, 2024); *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 213, 218 (S.D.N.Y. 2024). This Court declines Hoboken Pie's invitation to depart from that approach.

## IV. Conclusion

Accordingly, **IT IS ORDERED** that Defendant's supplemental motion to dismiss (Dkt. 19) is **DENIED**.

**SIGNED** on February 27, 2025.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE

---

[3] Neither party disputes that this provision applies equally to text messages. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2 (2021).