**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. [SBN: 249203]
ak@kazlg.com
245 Fischer Ave, Ste. D
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Ahren A. Tiller [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste. 1100
San Diego, CA 92101
Phone (619) 894-8831
Fax (866) 444-7026
ahren.tiller@blc-sd.com
*Admitted Pro Hac Vice*

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MONICA ABBOUD, on behalf of herself and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOTTA DOUGH, LLC d/b/a HOBOKEN PIE,<br><br>Defendant, | Case No.: 1:24-cv-00482-JRN<br><br>**COUNTER-DEFENDANT'S ANSWER TO COUNTER-CLAIMS.**<br><br>Honorable James R. Nowlin |

**TO THE HONORABLE COURT AND ALL INTERESTED PARTIES:**

MONICA ABBOUD, PLAINTIFF and COUNTER-DEFENDANT (hereinafter referred to as "Ms. Abboud" or "Counter-Defendant") herein, on behalf of herself and all those similarly situated, by and through her undersigned Counsel of Record, herein files her Answer to DEFENDANT and COUNTER-PLAINTIFF LOTTA DOUGH, LLC d/b/a HOBOKEN PIE's (hereinafter referred to as "Counter-Plaintiff" or "LOTTA DOUGH") Counter-Claims.

## ANSWER TO COUNTERCLAIMS

Ms. Abboud herein ANSWERS the Counterclaimsw contained in ECF 24, entitled Original Answer and Counter-Claims, as follows:

1. The allegations contained in Paragraph 69 contain a Jurisdictional statement for which Ms. Abboud is not able to either ADMIT or DENY. Ms. Abboud responds that she does not challenge this Court's jurisdiction over the Counter-Claims.

2. The allegations contained in Paragraph 70 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY.

3. Ms. Abboud DENIES the allegations contained in Paragraph 71.

4. Ms. Abboud DENIES the allegations contained in Paragraph 72.

5. Ms. Abboud DENIES the allegations contained in Paragraph 73.

6. The allegations contained in Paragraph 74 contain factual allegations regarding a third-party's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

7. The allegations contained in Paragraph 75 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

8. The allegations contained in Paragraph 76 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

9. To the extend Paragraph 77 contains allegations regarding Ms. Abboud, she DENIES the allegations contained in Paragraph 77.

10. To the extend Paragraph 78 contains allegations regarding Ms. Abboud, she DENIES the allegations contained in Paragraph 78.

11. Ms. Abboud DENIES the allegations contained in Paragraph 79.

12. The allegations contained in Paragraph 80 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

13. The allegations contained in Paragraph 81 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

14. The allegations contained in Paragraph 82 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information

to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

15. The allegations contained in Paragraph 83 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

16. The allegations contained in Paragraph 84 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

17. Ms. Abboud DENIES the allegations contained in Paragraph 85.

18. The allegations contained in Paragraph 86 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

19. Ms. Abboud DENIES the allegations contained in Paragraph 87.

20. The allegations contained in Paragraph 88 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

21. Ms. Abboud DENIES the allegations contained in Paragraph 89.

22. Ms. Abboud DENIES the allegations contained in Paragraph 90.

23. Paragraph 91 contains a purported recitation of a Texas Statue and Ms. Abboud lacks

the information to either ADMIT or DENY the statement. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

24. Paragraph 92 contains a purported recitation of a Texas Statue and Ms. Abboud lacks the information to either ADMIT or DENY the statement. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

25. Paragraph 93 contains a purported recitation of a Texas Statue and Ms. Abboud lacks the information to either ADMIT or DENY the statement. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

26. The allegations contained in Paragraph 94 contain factual allegations regarding LOTTA DOUGH's business operations for which Ms. Abboud lacks the information to either ADMIT or DENY. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

27. Ms. Abboud DENIES the allegations contained in Paragraph 95.

28. Ms. Abboud DENIES the allegations contained in Paragraph 96.

29. Ms. Abboud DENIES the allegations contained in Paragraph 97.

30. Paragraph 98 contains a purported but uncited definition of "Fraud" under Texas Law. Ms. Abboud lacks the information to either ADMIT or DENY the statement. To the extent any of the allegations pertain to Ms. Abboud, she DENIES them.

31. Ms. Abboud DENIES the allegations contained in Paragraph 99.

32. Ms. Abboud DENIES the allegations contained in Paragraph 100.

33. Ms. Abboud DENIES the allegations contained in Paragraph 101.

34. Ms. Abboud DENIES the allegations contained in Paragraph 102.

## AFFIRMATIVE DEFENSES

Ms. Abboud asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1. Ms. Abboud asserts that LOTTA DOUGH's Counterclaims are unlawfully brought under the Texas Citizens Participation Act (Tex. Civ.. & Prac. & Rem. §§ 27.001 – 27.011) and/or Cal. Civ. Proc. Code § 425.16.

## SECOND AFFIRMATIVE DEFENSE
### (EQUITABLE DOCTRINES)

2. Ms. Abboud asserts that LOTTA DOUGH's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGAGE)

3. Ms. Abboud asserts that LOTTA DOUGH has failed to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

4. Ms. Abboud asserts that LOTTA DOUGH lacks standing to bring or maintain the claims set forth in the Counter-Claims.

## FIFTH AFFIRMATIVE DEFENSE
### (EXCUSE, WAIVER, DISCHARGE)

5. Ms. Abboud asserts that she has performed all conditions, covenants, and obligations imposed upon her as to LOTTA DOUGH, if any, with the exception of those conditions,

covenants, and obligations which have been excused, waived, or discharged by LOTTA DOUGH's conduct.

## SIXTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

6. Ms. Abboud asserts that LOTTA DOUGH's Counterclaims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE
### (LACHES)

7. Ms. Abboud asserts that the alleged causes of action contained in the Counterclaims are barred by the doctrine of laches, in that LOTTA DOUGH has unreasonably delayed in bringing these claims, and said delays have prejudiced Ms. Abboud.

## EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

8. Ms. Abboud asserts that LOTTA DOUGH is barred from obtaining any recovery on the allegations in the Counterclaims by the doctrine of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Abboud prays for judgment as follows:

1. That LOTTA DOUGH take nothing by way of the Counterclaims against Ms. Abboud.
2. That the Court enter judgment in favor of Ms. Abboud on the Counterclaims.
3. For attorney's fees and costs of suit pursuant to any applicable basis for awarding attorney's fees to Ms. Abboud.
4. For such other and further relief as the Court may deem just and proper

Dated: May 7, 2025,                                     Respectfully Submitted by:

                                                            */s/  Ahren A. Tiller*
                                                            Ahren A. Tiller (Pro Hac Vice)
                                                            BLC Law Center, APC
                                                            Attorney(s) for Plaintiff and all
                                                            those similarly situated.

## CERTIFICATE OF SERVICE

I hereby certify that on May 7th, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Bradley B. Clark
State Bar No. 24040697
P.O. Box 143743
Austin, Texas 78714
Email: bradley@bradleybclark.com
Telephone: (512) 298-1735
Telecopier: (512) 298-1745

At the following emails addresses:

bradley@bradleybclark.com
lisa@bradleybclark.com

Dated: May 7, 2025,                          by:   */s/  Ahren A. Tiller*
                                                   Ahren A. Tiller (Pro Hac Vice)
                                                   BLC Law Center, APC
                                                   Attorney(s) for Plaintiff and all
                                                   those similarly situated.